# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY CRABTREE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0083**  (BOR Appeal No. 2045966 & 2046398)
(Claim No. 2010100395)

**THE HOMER LAUGHLIN CHINA COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Gary Crabtree, by Christopher J. Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Homer Laughlin China Company, by Lucinda L. Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 10, 2012, in which the Board affirmed May 18, 2011, and September 16, 2011, Orders of the Workers' Compensation Office of Judges. In its May 18, 2011, Order, the Office of Judges affirmed the claims administrator's January 28, 2011, decision, which denied authorization for cervical surgery. In its September 16, 2011, Order, the Office of Judges affirmed the claims administrator's April 4, 2011, decision which closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Crabtree worked as a kiln supervisor for the Homer Laughlin China Company. Mr. Crabtree has a significant history of cervical problems necessitating an anterior discectomy and fusion at C4-5 and C5-6 in September of 2008. On July 16, 2009, Mr. Crabtree was feeling unwell due to heat exhaustion and fell down a flight of stairs. He was taken to the emergency room and treated for a closed head injury. Imaging studies taken at the time of his injury showed

1

that the hardware from his prior cervical fusion was intact and the bone tissue was undamaged. On August 15, 2009, Mr. Crabtree underwent an MRI of his cervical spine which showed no significant interval change from a post-operative MRI taken in December of 2008. But Mr. Crabtree began developing significant pain in the neck and left arm, and on December 29, 2010, he underwent another MRI which evidenced a significant herniation at the C6-7 disc and impingement of the C7 nerve root. Following this MRI, Dr. MacPherson, Mr. Crabtree's treating physician, requested authorization for cervical surgery. Mr. Crabtree's case was then referred to Dr. Langa. Based on a review of the records of the case, Dr. Langa recommended against authorizing the cervical surgery. Dr. Langa believed that the surgery was appropriate to treat Mr. Crabtree's herniated disc, but that the condition was not caused by the compensable injury. Dr. Langa pointed out that the imaging study and MRI taken soon after the compensable injury showed no evidence of damage to Mr. Crabtree's cervical spine. Based on Dr. Langa's report, the claims administrator denied Dr. MacPherson's request for cervical surgery on January 28, 2011. The claims administrator then closed Mr. Crabtree's claim for temporary total disability benefits on April 4, 2011. The Office of Judges affirmed the claims administrator's January 28, 2011, decision on May 18, 2011. The Office of Judges also affirmed the claims administrator's April 4, 2011, decision on September 16, 2011. The Board of Review affirmed the May 18, 2011, and September 16, 2011, Orders of the Office of Judges. Mr. Crabtree has appealed the Order of the Board of Review with respect to the request for cervical surgery but has not appealed the closure of his claim for temporary total disability benefits.

In its May 18, 2011, Order, the Office of Judges concluded that Mr. Crabtree's current need for surgery at the C6-7 level of the cervical spine is not related to his compensable injury. The Office of Judges determined that the surgery was reasonable and necessary to treat Mr. Crabtree's herniated disc but that the herniation at the C6-7 disc was not related to his compensable injury. The Office of Judges pointed out that the disc herniation was not seen on the August 15, 2009, MRI. The Office of Judges also pointed out that Mr. Crabtree had significant cervical problems prior to the compensable injury which had required a fusion surgery even though there was no precipitating injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on January 10, 2012.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges with regard to Mr. Crabtree's request for cervical surgery. Mr. Crabtree has not demonstrated that the surgery reasonably related and is medically necessary to treat a compensable condition of the claim. The evidence in the record does not demonstrate a causal link between Mr. Crabtree's herniation at the C6-7 disc and his compensable injury. Mr. Crabtree has had significant cervical problems predating the compensable injury and the record demonstrates that his current condition necessitating the surgery relates to his pre-existing condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II